51 F.3d 276
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James L. DAVIS, Defendant-Appellant.
 No. 94-1555.
 United States Court of Appeals, Seventh Circuit.
 Argued March 1, 1995.
Decided March 28, 1995.
 
 Before CUMMINGS, EASTERBROOK and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 James Davis pleaded guilty to two of the four counts in an indictment charging violations of the Mann Act, 18 U.S.C. Sec. 2423. The other two counts were dismissed without prejudice on the prosecutor's motion. The sentence of 235 months' imprisonment, just 5 months short of the statutory maximum, reflected the youth of the girl, who was nine at the time of the events, and the extended course of sexual conduct. The Mann Act applies because Davis drove the minor from her home in Granite City, Illinois, across the border to his place of employment in Missouri before committing acts that constitute sexual abuse under state law: count one charges interstate transportation preceding an act of oral sodomy and count two charges interstate transportation with the intent to commit anal intercourse. (We use "the minor" in place of the girl's name to comply with 18 U.S.C. Sec. 3509(d)(2).)
 
 
 2
 Two months after pleading guilty Davis sought, but was denied, leave to withdraw his plea. The district court held a hearing and concluded that the plea was voluntary, and that there is no good reason to withdraw it. After giving the record a thorough review we conclude that the district court did not abuse its discretion.
 
 
 3
 Davis believes that the plea is invalid because coerced. According to Davis, the coercion lies in the fact that his lawyer at the time "told him he didn't stand a chance and that there was too much against him." If that is what counsel said, then the lawyer was discharging his duty of candor toward his client, for there is indeed strong evidence. The minor and her family described the acts and also described Davis's threats designed to procure their silence. Davis wrote letters and kept a journal of his sexual activities with the minor. The graphic descriptions in the letters and journal would have supported many charges in addition to those in the indictment. Davis tried to have the evidence suppressed; when the district judge denied this motion, there was nothing to do but plead guilty. Davis asserted in pretrial proceedings that these materials concerned another girl who just happens to have the same name as the minor. The FBI investigated and found no such girl, although Davis did try to persuade a friend to corroborate his story with fictitious evidence. His explanation was further embarrassed by the fact that Davis possessed photographs showing the minor in states of undress--and that Davis conceded putting his mouth on her vagina (but only, he says, when they were wrestling). Persistence in the story that the journal concerned a different girl could have yielded little beyond an enhancement for obstruction of justice and perhaps a separate indictment for perjury. Even if true, the story conceded criminal sexual acts with another underage girl, and so would have done Davis little good.
 
 
 4
 A district judge possesses substantial discretion to decide whether the interests of justice call for setting aside the plea and proceeding to trial. Fed.R.Crim.P. 32(d); United States v. Ivory, 11 F.3d 1411, 1415 (7th Cir.1993); United States v. Coonce, 961 F.2d 1268, 1275 (7th Cir.1992). A trial would produce trauma for the minor and open the door to a longer sentence for Davis--for the two additional counts would be reinstated, raising the statutory maximum from 20 to 40 years' imprisonment. The district court did not abuse its discretion.
 
 
 5
 The motion for leave to withdraw the plea supposed that the original guilty plea complied with Fed.R.Crim.P. 11. A member of the court questioned this assumption at oral argument. The plea on count one was entirely regular, but on count two Davis was reluctant to admit in open court that he transported the minor across state lines with the intent to engage in anal intercourse. The proceeding was recessed to permit Davis to consult with his lawyer, and in the end Davis never did narrate the facts--whether because he believed himself innocent or because he was too mortified to say in public what he had planned, the record does not reveal. See North Carolina v. Alford, 400 U.S. 25 (1970). Davis said that he did not commit the crime "the way that it's worded, Your Honor", but did not elaborate. He may have been tongue-tied (Davis's education ended at the eighth grade and he was employed as a night watchman at an auto junkyard) or he may have wanted to deny performing anal intercourse on the minor--although this is not necessarily material, for the federal offense is interstate transportation with the intent to commit a state sexual offense, whether or not the state offense is completed.
 
 
 6
 Davis's reticence made it essential to put the factual basis of the plea on record from another source in order to comply with Rule 11(f), which provides: "Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." A prosecutorial narration of the facts that could be established at trial may supply the necessary factual basis. Ivory, 11 F.3d at 1415. The prosecutor in this case was as vague as Davis himself, however, stating only that Davis transported the minor from Illinois to Missouri in December 1991 with "the intent that once in the State of Missouri, he would engage in sexual activity that constitutes a criminal offense in the State of Missouri." The prosecutor added that the evidence would show that "at a place known as Riverside Salvage in the city of St. Louis, the defendant did commit an act on the nine-year-old juvenile that in fact did constitute a criminal offense as alleged in Count Two." This is pretty vague; the prosecutor did not name the sexual act or explain why it violated Missouri law. The latter omission is not fatal; Davis does not suggest that any sexual contact between a 50-year-old man and a 9-year-old girl is lawful in Missouri, where it is a crime to subject any person under the age of 12 to "sexual contact", a broadly defined term. Mo.Stat. Sec. 566.100(2). Sexual contact includes "any touching of the genitals or anus of any person ... or any such touching through the clothing, for the purpose of arousing or gratifying the sexual desire of any person". Mo.Stat. Sec. 566.010(2). (The language we have quoted was in force in 1991; the statute has since been amended in ways not material here. See Mo.Stat. Sec. 566.067.)
 
 
 7
 Still, the district judge needed some details to establish the factual basis. What the prosecutor omitted from the narration in open court is nonetheless in the record--and a district court may employ the entire record to satisfy itself that the plea has a factual basis. United States v. Musa, 946 F.2d 1297, 1302 (7th Cir.1991). A social worker attempted to reconstruct the history of sexual contact between Davis and the minor. The time line, assembled after several interviews, is in the record. The entry for the period between Thanksgiving and Christmas 1991 reads: "2 attempts at putting penis in front + back (anally)--stopped when John came in". The extent to which reports by children are reliable is an interesting question of social science, but we do not doubt that such reports can furnish the "factual basis" of which Rule 11(f) speaks. The minor's description accounts not only for the language of the indictment (transportation with intent to commit anal intercourse) but also for Davis's denial that he had completed that act. Because penetration is not an element of the offense under Missouri law, however, the minor's description shows not only an attempt to engage in anal intercourse but also the completion of a state crime. The reference to "2 attempts" implies that Davis made deliberate efforts; the touching was not accidental. Then there is an undated entry in Davis's diary reading: "when you sit on my Lap and face me, you would Lean Back and I would Let you down on The Bed Then I'd Pull you up, you would Rub your Butt on me and felt him Pook you and you still go Back down." The line between fantasy and reality in the diary is hazy, and this may or may not be a reference to anal intercourse, but it supplies a further underpinning for the plea; the evidence of record need not be unambiguous.
 
 
 8
 The record provides a factual basis for the plea, and the district judge did not abuse his discretion in denying the motion to withdraw the plea. Other issues to which Davis's brief adverts do not require separate comment.
 
 
 9
 AFFIRMED.